UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL IVAN RAMIRO,

        Petitioner,

vs.                                Case No.:  3:16-cv-337-J-34MCR
                                                     3:93-cr-152-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Angel Ivan Ramiro's "Coram Nobis" Petition, filed on November 13, 2015, in the Southern District of Florida before it was transferred to this Court. (Crim. Doc. 159, Coram Nobis Petition).[1] Angel Ramiro was convicted in 1994 of conspiring to distribute cocaine and attempting to possess marijuana with the intent to distribute. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. United States v. Ramiro, 65 F.3d 181 (11th Cir. 1995) (table opinion) ("Ramiro I"). Ramiro is now serving a term of incarceration at FCI – Jesup, a federal prison in Jesup, Georgia, from which he is scheduled to be released on September 1, 2017. In the Petition, Ramiro challenges the validity of his conviction and sentence by arguing, among other things, that the government engaged in misconduct, that the Court lacked subject matter jurisdiction to convict and sentence him, and that the

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Angel Ivan Ramiro, Case No. 3:93-cr-152-J-34MCR, will be denoted as "Crim. Doc. __." Citations to the civil coram nobis case, Case No. 3:16-cv-337-J-34MCR, will be denoted as "Doc. __."

1

Court violated his Fifth and Sixth Amendment rights by allowing the judge, rather than the jury, to determine the drug quantity for purposes of determining the mandatory minimum and maximum sentences. (See, e.g., id. at 1-2, 3-4, 6-8).

This is not the first time Ramiro has sought some form of post-conviction relief. In 1998, Ramiro moved to vacate his conviction and sentence under 28 U.S.C. § 2255. (Crim. Doc. 101). The United States moved to dismiss the § 2255 motion as untimely, and further contended that it lacked merit. (Crim. Doc. 106). The Court agreed with the United States and dismissed the motion with prejudice. (Crim. Doc. 107). Ramiro attempted to appeal that decision, but the Eleventh Circuit ultimately denied him a certificate of appealability. (Crim. Doc. 126).

In 2003, Ramiro evidently applied for permission to file a second or successive motion to vacate with the Eleventh Circuit Court of Appeals. (See Crim. Doc. 128). The Eleventh Circuit denied that application as well. (Id.).

At some other point, Ramiro attempted to file a habeas corpus petition in the Southern District of Georgia pursuant to 28 U.S.C. § 2241 and § 2255(e). The district court dismissed the petition, and the Eleventh Circuit affirmed because Ramiro did not qualify for relief under § 2255(e)'s savings clause. Ramiro v. Vasquez, 210 F. App'x 901 (11th Cir. 2006) ("Ramiro II").

In this action, Ramiro again attempts to challenge the validity of his conviction and sentence on a host of constitutional grounds (see Coram Nobis Petition at 8, 11) (citing U.S. Const. amend. V, VI, VIII, XIV), and as his vehicle he has chosen a coram nobis petition. However, "[c]oram nobis relief is unavailable to a person, such as [Ramiro], who is still in custody." United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) (citing

United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)).  As the Eleventh Circuit stated when Ramiro appealed the dismissal of his § 2241 petition, "[g]enerally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255." Ramiro II, 210 F. App'x at 903-04 (citing Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003)).  Therefore, Ramiro's Coram Nobis Petition is due to be dismissed because he is still in custody, and the appropriate vehicle for a federal prisoner challenging the validity of his conviction and sentence is a § 2255 motion.

Because Ramiro is pro se, the Court should liberally construe his filings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  That means "look[ing] beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003).  Accordingly, the Court has endeavored to determine whether Ramiro's Coram Nobis Petition could be re-construed as a motion to vacate under 28 U.S.C. § 2255 or as a habeas corpus petition under 28 U.S.C. § 2241.

If the Court were to construe the Petition as a § 2255 motion to vacate, the Court would lack jurisdiction to entertain it.  That is because a petitioner must have authorization from the circuit court of appeals to file a second or successive § 2255 motion, 28 U.S.C. § 2255(h), and the absence of such authorization deprives the district court of jurisdiction, see In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional.").  Ramiro filed a § 2255 motion to vacate in 1998 (Crim. Doc. 101), which the Court dismissed with prejudice because the motion either lacked merit or was untimely (see Crim. Doc. 106, Crim. Doc. 107).  Either way, the dismissal-with-prejudice of the first § 2255 motion means that "second or successive"

3

status attaches to any subsequent § 2255 motion attacking the same judgment. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) (second or successive status attaches after a judgment on the merits); Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (dismissal of first habeas petition for untimeliness is "with prejudice," also resulting in subsequent habeas petitions being "second or successive"); Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) (dismissal-with-prejudice of an untimely habeas petition renders subsequent petitions "second or successive") (citing Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007)). Because construing the Petition as a § 2255 motion would make it a second or successive petition, and because Ramiro has not been authorized to file a second or successive § 2255 motion, the Court will not construe the Coram Nobis Petition as such. United States v. Chaff, 269 F. App'x 878, 879 (11th Cir. 2008) ("However, we have refused to construe an application for coram nobis relief as a § 2255 motion when the appellant has already filed one § 2255 motion and has not sought leave to file a successive motion.") (citing Garcia, 181 F.3d at 1275).

The Court also cannot construe the Coram Nobis Petition as a habeas corpus petition under 28 U.S.C. § 2241. A § 2241 petition must be filed in the judicial district where the petitioner is incarcerated. Westine v. Scott, 356 F. App'x 254, 255 (11th Cir. 2009) (citing Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991)). As Ramiro is incarcerated at FCI – Jesup, which is in the Southern District of Georgia, he cannot file a § 2241 petition here in the Middle District of Florida. Moreover, a federal prisoner seeking relief under § 2241 must first establish that the remedy provided under § 2255 is "inadequate or ineffective to test the

4

legality of his detention." 28 U.S.C. § 2255(e); Sawyer, 326 F.3d at 1365.  Neither the fact that the petitioner faced a procedural bar in his first § 2255 motion nor the limitation on second or successive petitions can establish that 28 U.S.C. § 2255 is inadequate. Bryant v. FCC Coleman-Medium, 738 F.3d 1253, 1267, 1272 (11th Cir. 2013).  Because Ramiro has not pointed the Court to any evidence establishing that § 2255 was inadequate or ineffective to test the legality of his conviction and sentence, the Court will not construe his Coram Nobis Petition as such a habeas petition.

Ramiro does not qualify for coram nobis relief, and the Petition cannot be saved by re-construing it as a § 2255 motion or a § 2241 habeas petition.  As such, the Coram Nobis Petition is due to be dismissed.

Accordingly, it is hereby **ORDERED:**

1. Petitioner Angel Ivan Ramiro's "Coram Nobis" Petition (Crim. Doc. 159) is **DISMISSED WITHOUT PREJUDICE** to his right to file a proper coram nobis petition at the appropriate time, in the appropriate forum.

2. The Clerk of Court shall enter judgment in favor of the United States, and against Ramiro, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of May, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record
Pro se petitioner